UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| James R. Rose, | ) Civil Action No.: 2:23-cv-01264-RBH |
|       Plaintiff, | ) |
| v. | ) **ORDER** |
| Nelson Mullins Riley & Scarborough, L.L.P., | ) |
|       Defendant. | ) |

This matter is before the Court for review of the Report and Recommendation ("R & R") of the United States Magistrate Judge Paige J. Gossett, who recommends summarily dismissing Plaintiff's complaint without prejudice and without issuance and service of process.[1]  *See* ECF Nos. 10.

## Standard of Review

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Court is mindful of its duty to liberally construe Plaintiff's pro se filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (recognizing "[a] document filed *pro se* is to be liberally construed" (internal quotation marks omitted)). *But see United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) ("Although courts must liberally construe the claims of *pro se* litigants, the special judicial solicitude with which a district court should view pro se filings does not transform the court into an advocate." (internal citations, quotation marks, ellipsis, and brackets omitted)).

R & R to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## Discussion[2]

Plaintiff, a state prisoner proceeding pro se and in forma pauperis under 28 U.S.C. § 1915, filed this action pursuant to 42 U.S.C. § 1983 against Defendant Nelson Mullins Riley & Scarborough, L.L.P. *See* ECF No. 1. Plaintiff alleges Defendant was appointed to represent a class of SCDC prisoners in a lawsuit against the State, and Plaintiff alleges that representation lasted from 2006 until a settlement agreement was made in 2014 without Plaintiff's knowledge or consent. *Id*. Plaintiff contends the settlement agreement was not in his best interests and Defendant purposefully colluded to prevent the case from going to trial. *Id*. Plaintiff also contends his current conditions of confinement at SCDC are inadequate. *Id*. Plaintiff notes when he seeks attention from a mental health physician correctional officers are sent and/or he is placed in solitary confinement without help. *Id*.

The Magistrate Judge issued an R & R, which recommends summarily dismissing this action without prejudice and without issuance and service of process because (1) Plaintiff fails to plausibly

---

[2] The R & R thoroughly summarizes the factual and procedural background of this case, as well as the applicable legal standards. *See* ECF No. 10.

allege Defendant is a "state actor" that is amenable to suit under § 1983 because court appointed private attorneys in a civil lawsuit do not act under the color of state law; (2) Plaintiff's claim is, on its face, barred by the three year statute of limitations; and (3) Plaintiff has not alleged facts to plausibly show Defendant's decisions relating to the settlement agreement in 2014 impact his current conditions of confinement.[3]  *See* ECF No. 10 at pp. 3–5.

Plaintiff did not file objections to the R & R, but Plaintiff filed a motion to amend his complaint.[4]  ECF No. 12.  Plaintiff seeks permission to amend his complaint to attest that Defendant violated the fourteenth amendment rights of Plaintiff and others because Defendant conspired with the other parties to the lawsuit to relieve those parties of liability without consulting with class members.  *Id*.  Plaintiff cites Rule 1.2(a) of the South Carolina Rules of Professional Conduct.[5]  *Id*. However, such an amendment is futile because Plaintiff's original complaint already contends there was a fourteenth amendment violation based on the lack of consultation with class members, and Plaintiff has not asserted any facts to indicate he has a private right of action under the South Carolina Rules of Professional Conduct.  *See HCMF Corp. v.* Allen, 238 F.3d 273, 276 (4th Cir. 2001) ("A motion to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or *the amendment would be futile*" (emphasis added) (internal quotation marks and citation omitted)); *see also* S.C. App. Ct. R. 407 RPC "Scope" ("Violation of a [South Carolina Rule of Professional

---

[3]     The Magistrate Judge also noted Plaintiff did not provide facts about whether he was a named class member in the lawsuit that led to the settlement agreement.  ECF No. 10 at p. 5.

[4]     Plaintiff's objections were due by May 8, 2023.  *See* ECF Nos. 10 & 11.

[5]     Plaintiff cites the portion of Rule 1.2(a) which provides "A lawyer shall abide by a client's decision whether to make or accept an offer of settlement of a matter." S.C. App. Ct. R. 407 RPC 1.2.

3

Conduct] should not itself give rise to a cause of action against a lawyer."); *Dennison v. Wilson*, No. 2:22-cv-01278-RMG, 2022 WL 16947735 (D.S.C. Nov. 15, 2022) (noting the complaint was dismissed in part because the plaintiff did not assert facts to indicate he had a private right of action under the South Carolina Rules of Professional Conduct).   As such, Plaintiff's proposed amendment would not impact the Magistrate Judge's findings that (1) Defendant is not amendable to suit under § 1983 because Defendant is not a state actor, (2) Plaintiff's claims are barred by the statute of limitations, and (3) Plaintiff has not alleged facts to show Defendant's decisions relating to the settlement agreement impact his current conditions of confinement.  *See* ECF No. 10. Plaintiff does not address those findings in his motion to amend and Plaintiff did not file separate objections to the R & R. *See Diamond* & *Camby*, *supra* (recognizing a district court can adopt an unobjected-to recommendation without explanation where there is no clear error).  Nevertheless, the Court has conducted a de novo review of the R & R and agrees with the Magistrate Judge's findings.

## Conclusion

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's R & R [ECF No. 10] and **DISMISSES** Plaintiff's complaint *without prejudice* and without issuance and service of process.  The Court **DENIES** Plaintiff's motion to amend [ECF No. 12].

**IT IS SO ORDERED.**

Florence, South Carolina  
May 22, 2023

s/ R. Bryan Harwell  
R. Bryan Harwell  
Chief United States District Judge